## SCHUSTER v SALLAY

Docket No. 110468. Submitted August 10, 1989, at Lansing. Decided December 19, 1989.

Paul Schuster, during the course of his employment, was making a pre-dawn delivery at a business premises owned by Garb-Ko, Inc., and leased to David Sallay when he was robbed and shot by an unknown person. Schuster and his wife brought an action in the Genesee Circuit Court against Sallay and Garb-Ko, alleging, among other things, that Sallay required Schuster to deliver in the early morning darkness and in an area that was poorly lit and out of view to store personnel, customers and passersby. The court, Judith A. Fullerton, J., granted summary disposition to defendants for failure to state the breach of a valid duty. Plaintiffs appealed.

The Court of Appeals *held:*

1. Plaintiffs' complaint sufficiently pled the existence of a duty. The general rule in Michigan regarding the duty of a business establishment to its invitees is that when it invites others onto its premises it must exercise ordinary care and prudence to keep the premises reasonably safe.

2. The court erred to the extent it found no breach. To survive a motion for summary disposition, the complaint need merely allege the breach.

Reversed and remanded.

1. JUDGMENTS — SUMMARY DISPOSITION — FAILURE TO STATE A CLAIM — COURT RULES.

A motion for summary disposition based upon a failure to state a claim upon which relief can be granted tests the legal sufficiency of the pleadings; summary disposition is warranted only if, accepting all well-pleaded facts as true, the claim is so clearly unenforceable as a matter of law that no factual development could justify a right to recovery (MCR 2.116[C][8]).

REFERENCES

Am Jur 2d, Negligence §§ 6, 82-87, 95, 142, 143; Premises Liability §§ 26, 39, 40, 200.

Liability of storekeeper for death of or injury to customer in course of robbery. 72 ALR3d 1269.

2. NEGLIGENCE — ELEMENTS OF NEGLIGENCE.

A prima facie case of negligence requires proof of four elements: (1) a duty owed to plaintiff by defendant; (2) breach of the duty; (3) causation; and (4) damages.

3. NEGLIGENCE — DUTY.

The element of "duty" in a negligence action is an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct towards another; whether the law will impose such an obligation depends upon the relationship between the actor and the injured person and upon the foreseeability of the risk of harm; the court determines, as a matter of law, what characteristics must be present for a relationship to give rise to a duty and, thereafter, the jury determines whether the evidence establishes the elements of that relationship.

4. NEGLIGENCE — DUTY — BUSINESS INVITEES.

The general rule in Michigan regarding the duty of a business establishment to its invitees is that when it invites others onto its premises it must exercise ordinary care and prudence to keep the premises reasonably safe.

*Ronald J. Brewer, P.C.* (by *Ronald J. Brewer*), for plaintiffs.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani* and *Michael S. Bogren*), for defendants.

Before: MURPHY, P.J., and NEFF and G. S. ALLEN,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order of the trial court dismissing their complaint for failing to state a claim on which relief could be granted, MCR 2.116(C)(8). We reverse and remand for further proceedings.

The facts are not in dispute. In the early morning hours of August 6, 1984, plaintiff Paul Schuster, in the course of his employment, was delivering milk and other dairy products on his route in

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Flint, Michigan. He stopped to make a delivery at defendants' 7-11 Store at approximately 4:30 A.M. Schuster apparently was required to unload his milk truck in the darkened side lot area where he was obscured from the view of both store personnel and customers as well as from the view of passersby. Schuster was not permitted to unload his milk truck in the parking area in the front of the store. Moreover, Schuster was required to make his deliveries to defendants' store in the early morning darkness instead of later in the day, during daylight.

As Schuster unloaded containers of milk from the cargo box at the rear of his truck, an unknown assailant approached his truck, demanded money and, after taking Schuster's money, shot him in the upper abdomen. The assailant then fled into the darkness.

Plaintiffs filed a complaint alleging that defendants had reasons to believe and knew or should have known that there existed a high propensity for criminal activity in the area surrounding the store. Moreover, plaintiffs alleged that defendants were negligent in the following regards:

(a) Failure to exercise reasonable care to maintain the aforesaid store premises in a safe condition for Plaintiff Paul M. Schuster.

(b) Causing or permitting the parking lot lighting to be inadequate to safely light the area.

(c) Failure to maintain and provide security for the premises.

(d) Failure to maintain constant control and surveillance over the premises.

(e) Failure to keep the premises clear of unauthorized persons who were not guests of the facilities or users of the facilities located upon said premises.

(f) Requiring Plaintiff Paul M. Schuster to un-

load his milk truck in the darkened side lot area where he was obscured from the view of the store personnel and customers as well as from the view of passers-by.

(g) Refusing to allow Paul M. Schuster to unload his milk truck in the parking area in front of the store which was lighted and was visible to store personnel, customers and passers-by.

(h) Requiring Plaintiff Paul M. Schuster to make his deliveries to Defendants' store in the early morning darkness instead of later in the day in the daylight.

Defendants moved for summary disposition pursuant to MCR 2.116(C)(8), claiming that plaintiffs' complaint failed to state a claim upon which relief could be granted. Specifically, defendants argued that plaintiffs had failed to state any valid duty owed by defendants. The trial court in ruling in defendants' favor stated in pertinent part:

I can't find under the case cited by the defendant any duty that was breached by the defendant or defendants and so it appears to the Court that summary disposition under *Marr* against *Yousif*[1] and *Williams* against *Cunningham*[2] should be granted and I'll ask Mr. Bogren to prepare an order for my signature.

Plaintiffs now appeal as of right.

A motion for summary disposition pursuant to MCR 2.116(C)(8) tests only the legal sufficiency of the pleadings. The court must accept as true all well-pled factual allegations as well as any conclusions which can reasonably be drawn therefrom. The court may grant the motion only when the claim, on the pleadings alone, is so clearly unen-

---

[1] *Marr v Yousif,* 167 Mich App 358; 422 NW2d 4 (1988).

[2] *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988).

forceable as a matter of law that no factual development could possibly justify the right to recovery. *Abel v Eli Lilly & Co,* 418 Mich 311, 323; 343 NW2d 164 (1984), reh den 419 Mich 1201 (1984), cert den sub nom *E R Squibb & Sons, Inc v Abel,* 469 US 833; 105 S Ct 123; 83 L Ed 2d 65 (1984); *Stewart v Isbell,* 155 Mich App 65, 74; 399 NW2d 440 (1986).

This Court in *Schanz v New Hampshire Ins Co,* 165 Mich App 395, 402; 418 NW2d 478 (1988), stated the following regarding a negligence claim:

> A prima facie case of negligence requires proof of four elements: (1) a duty owed to plaintiff by defendant; (2) breach of the duty; (3) causation; and (4) damages. The primary element which is in issue here, that of "duty," has been defined as an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct towards another. Whether the law will impose such an obligation depends upon the relationship between the actor and the injured person.
>
> It is for the court to determine, as a matter of law, what characteristics must be present for a relationship to give rise to a duty. Thereafter, the jury determines whether the evidence establishes the elements of that relationship. [Citations omitted.]

The question of whether a duty exists is one for the court to decide. *Moning v Alfono,* 400 Mich 425, 436-437; 254 NW2d 759 (1977). Our Supreme Court in *Moning* explained:

> "Duty" comprehends whether the defendant is under *any* obligation to the plaintiff to avoid negligent conduct; it does not include—where there is *an* obligation—the nature of the obligation: the general standard of care and the specific standard of care. [*Id.,* p 437.]

The question of duty depends in part on "foreseeability—whether it is foreseeable that the actor's conduct may create a risk of harm to the victim, and whether the result of that conduct and intervening causes were foreseeable." *Id.,* p 439.

The lower court relied on *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988), and *Marr v Yousif,* 167 Mich App 358; 422 NW2d 4 (1988), in granting defendants' motion for summary disposition. However, those cases are distinguishable from the instant case and do not stand as authority for granting summary disposition in defendants' favor.

First, in *Williams,* the sole issue before the Court was whether a merchant's duty to exercise reasonable care includes providing armed, visible security guards to protect invitees from the criminal acts of third parties. *Williams, supra,* p 500. The Court held that no such duty should be imposed:

> The duty advanced by plaintiffs is essentially a duty to provide police protection. That duty, however, is vested in the government by constitution and statute. We agree with the Court of Appeals in this case that neither the Legislature nor the constitution has established a policy requiring that the responsibility to provide police protection be extended to commercial businesses.
>
> * * *
>
> We conclude as a matter of law that the duty of reasonable care a merchant owes his invitees does not extend to providing armed, visible security guards to protect customers from the criminal acts of third parties. The merchant is not an insurer of the safety of his invitees, and for reasons of public policy he does not have the responsibility for providing police protection on his premises. [*Williams, supra,* pp 501-504.]

In this case, plaintiff alleged various duties on the part of defendant that were breached. We believe that plaintiffs' allegations in paragraphs (f), (g), and (h), regarding the requirements imposed on the deliveries made to defendants' store, are sufficiently distinct from allegations regarding a duty to provide security or police protection on the premises. Therefore, we do not find *Williams* to control the outcome of this case relative to the allegations made by plaintiffs in paragraphs (f), (g), and (h) of the complaint.

Next, in *Marr,* although the underlying facts of that case are similar in that the injured plaintiff was delivering merchandise in the course of his employment to the defendant's market, *Marr* is distinguishable in that the plaintiffs only alleged that the defendants

> owed plaintiff the duty to use ordinary care to have its common areas and premises in a reasonably safe condition for use in a manner consistent with the purpose of the invitation; not to lead the invitee into a dangerous trap, but instead to give adequate protection and/or timely notice and warning of latent or concealed perils. [*Marr, supra,* pp 362-363.]

This Court noted that the plaintiffs' *unspecific* factual allegations essentially suggested a per se rule that a business invitor owes a duty to protect business invitees from third-party criminal assaults. The *Marr* Court held that *general allegations* of duty to maintain premises in a safe condition were insufficient. *Marr, supra,* p 363.

The complaint in the case at bar is sufficiently distinct in that it did not allege only general allegations of duty. Paragraphs (f), (g), and (h) in plaintiffs' complaint, which state that defendants were negligent in that they required Schuster to unload his truck in the darkened side lot and

refused to allow him to make his deliveries during daylight hours, are specific enough that plaintiffs have avoided the holding of *Marr* and have stated a claim upon which relief can be granted.

The general rule is that a business invitor owes a duty to its customers to maintain its premises in a reasonably safe condition and to exercise ordinary care and prudence to keep the premises reasonably safe. *Dumka v Quaderer,* 151 Mich App 68, 73; 390 NW2d 200 (1986), lv den 426 Mich 861 (1986). Duty is essentially a question of whether the law will impose a legal obligation on one party for the benefit of another. *Moning, supra,* p 437.

Based upon our review of the allegations made in plaintiffs' complaint, we believe that plaintiffs have alleged the existence of a duty. Therefore, summary disposition relative to the allegations in paragraphs (f), (g), and (h) was improper. Requiring deliveries to be made in a high crime area, at night, in a darkened alley, out of view of store personnel, customers and passersby, effectively places delivery persons in a position of peril. Suffice it to say that defendants' action in imposing those delivery requirements (which we must accept as true in a MCR 2.116[C][8] motion), amounted to conduct which may have created a risk of harm to plaintiff.

We next note that the lower court appeared to grant defendants' motion after determining that there had been no *breach* of a duty by defendants as opposed to determining whether any duty was owed. See *Moning, supra.* To whatever extent the lower court determined summary disposition was appropriate because there had been no breach of a duty, this was error.

Reversed and remanded for further proceedings consistent with this opinion.

G. S. ALLEN, J., concurred in the result only.