SPONKOWSKI v INGHAM COUNTY ROAD COMMISSION

Docket No. 86539. Submitted March 13, 1986, at Detroit. Decided May 21, 1986.

Lorrie A. Sponkowski, Charles C. Wood, Cindy L. Osmon and others decided to take a hayride at a stable in Mason, Michigan. Transportation to the hayride was by way of four or more automobiles. Several of the drivers were unfamiliar with the location of the stable so it was decided that one driver, Charles Wood, who knew the way, would lead and the other drivers would follow. Sponkowski was a passenger in an automobile driven by Osmon directly behind Wood's lead automobile. As the caravan proceeded to the intended destination, Wood lost control of his automobile at a sharp turn. The automobile left the roadway and ended in a ditch. Osmon's automobile also failed to make the turn, left the roadway, sideswiped Wood's automobile and struck a tree. Sponkowski died as a result of injuries sustained in the accident. Plaintiff, Camille Sponkowski, as personal representative of the estate of Lorrie A. Sponkowski, filed a wrongful death action in the Ingham Circuit Court against defendants Ingham County Road Commission, Cindy L. Osmon, Charles C. Wood, and Patricia C. Wood, the owner of the automobile driven by Wood. The circuit court, James T. Kallman, J., on a motion by defendants Charles and Patricia Wood for summary disposition, ruled that defendant Charles Wood owed no duty to the decedent as a matter of law and entered an order of dismissal in favor of defendants Charles and Patricia Wood. Plaintiff appealed. *Held:*

Based on the pleadings, the Court of Appeals concluded that the circuit court's determination that defendant Charles Wood did not owe a duty to the decedent was erroneous. Defendant Charles Wood knew that Osmon was following and relying upon him for direction to their destination. Such understanding

REFERENCES

Am Jur 2d, Negligence §§ 19, 36-53, 64, 65, 186, 188, 266, 456.

Duty and liability with respect to giving audible signal where driver's view ahead is obstructed at curve or hill. 16 ALR3d 897.

See also the annotations in the ALR3d/4th Quick Index under Negligence.

and reliance gave rise to a duty on the part of defendant Charles Wood to drive reasonably in light of the apparent risk to all those relying upon him, of which the decedent was one.

Reversed and remanded.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM.

A motion for summary judgment based on failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint and is to be evaluated on the pleadings alone, taking as true the factual allegations of the complaint along with any inferences or conclusions which may be fairly drawn therefrom; unless the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery, the motion should be denied (MCR 2.116[C][8]).

2. NEGLIGENCE — DUTY.

The question of whether a duty exists is one of law for the court's resolution in an action based upon negligence; duty is essentially a question of whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person.

3. NEGLIGENCE — THIRD PARTIES — DUTY.

An individual generally owes no duty to protect another individual who is endangered by a third person, unless the first individual has some special relationship with either the dangerous person or the potential victim; however, where an individual voluntarily assumes the performance of a duty he is required to perform it carefully, not omitting to do what an ordinarily prudent person would do in accomplishing the task.

4. NEGLIGENCE — AUTOMOBILES — DUTY.

A motorist owes a general duty to operate his vehicle in a reasonably prudent manner; while a motorist is not required to guard against every conceivable result of his actions, he is required to exercise reasonable care in order to avoid the foreseeable consequences of his actions.

5. NEGLIGENCE — FORESEEABILITY.

The determination in a negligence action of whether a particular harm is foreseeable is an issue for the trier of fact in deciding whether the defendant has been negligent.

*Charfoos, Christensen & Archer, P.C.* (by *David W. Christensen* and *Jody L. Aaron*), for plaintiff.

*Peter J. Collins & Associates* (by *Peter J. Collins*), for defendants.

Before: BRONSON, P.J., and R. B. BURNS and J. E. TOWNSEND,* JJ.

PER CURIAM. Plaintiff, Camille Sponkowski, as personal representative of the estate of decedent, Lorrie Sponkowski, appeals as of right from the grant of defendant Charles Wood's motion for summary disposition dismissing plaintiff's negligence action for failure to state a claim upon which relief can be granted. MCR 2.116(C)(8). Plaintiff filed a wrongful death action against defendants Patricia and Charles Wood based upon the alleged negligent operation of an automobile that was owned by Patricia Wood and driven by Charles Wood. The trial court determined that defendant Charles Wood owed no duty to the plaintiff's decedent as a matter of law. We reverse.

On November 10, 1983, the decedent, Lorrie Sponkowski, Charles Wood, and numerous other Michigan State University students intended to take a hayride at the Crazy C stables in Mason, Michigan. Transportation to the hayride was by way of four or more privately owned automobiles. Several of the drivers were unfamiliar with the location of the Crazy C and as a result it was agreed that one driver, who knew the way, would lead and the other vehicles would follow.

Lorrie Sponkowski was a passenger in defendant Cindy Osmon's car, which was one of the cars in the caravan. The Osmon vehicle directly followed the car driven by defendant Charles Wood. Osmon indicated in her deposition that she did not know the way to the stables and thus needed to follow another vehicle. From the agreement reached be-

* Circuit judge, sitting on the Court of Appeals by assignment.

tween the participants before leaving, it is apparent that Charles Wood realized that he would be followed.

As the caravan proceeded southbound on Hagadorn Road, defendant Wood lost control of his vehicle at a sharp turn and left the road, ending up in a ditch. Immediately thereafter, the car carrying Lorrie Sponkowski also left the road at the same curve. The Osmon car sideswiped the Wood vehicle and then continued forward until it struck a tree. Lorrie Sponkowski died as a result of injuries she received in the accident.

Plaintiff subsequently filed the present wrongful death action against the Ingham County Road Commission, Cindy Osmon, and Charles and Patricia Wood. As to defendant Charles Wood, the complaint alleged that he knew that Osmon would be following him and that his negligent operation of his vehicle was a proximate cause of Lorrie's death. Defendant Wood filed an answer and a motion for summary judgment, asserting that plaintiff failed to state a claim because he owed no legal duty to Lorrie Sponkowski. The trial court agreed and dismissed the plaintiff's claim against defendant Wood.

On appeal, the sole issue for our determination concerns whether the trial court erred in finding as a matter of law that Charles Wood owed no duty to the decedent under the facts of this case, and therefore improperly dismissed the plaintiff's negligence action for failure to state a claim.

The trial court granted summary disposition pursuant to MCR 2.116(C)(8) for failure of plaintiff to state a claim upon which relief can be granted. The standard for this Court's review of such a motion is well settled:

The motion is to be tested by the pleadings

alone. The motion tests the legal basis of the complaint, not whether it can be factually supported. The factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion under this subrule should be denied. [*Ortiz v Textron, Inc,* 140 Mich App 242, 244; 363 NW2d 464 (1985).]

In a negligence action, the question of whether a duty exists is one of law for the court's resolution. *Moning v Alfono,* 400 Mich 425, 436-437; 254 NW2d 759 (1977), reh den 401 Mich 951 (1977). "Duty is essentially a question of whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person." 400 Mich 438-439. In negligence cases, the duty is always the same, to conform to the legal standard of reasonable conduct in light of the apparent risk. Prosser, Torts (4th ed), § 37, p 206. In general, an individual, like the defendant in this case, owes no duty to protect another individual who is injured by a third person, unless the first individual has some special relationship with the dangerous person or the potential victim. See *Welke v Kuzilla,* 144 Mich App 245, 250; 375 NW2d 403 (1985).

However, where a person voluntarily assumes the performance of a duty (e.g., to lead another motor vehicle to an unfamiliar destination), he is required to perform it carefully, not omitting to do what an ordinarily prudent person would do in accomplishing the task. *Tucker v Sandlin,* 126 Mich App 701, 705; 337 NW2d 637 (1983); *Smith v Allendale Mutual Ins Co,* 410 Mich 685, 718; 303

NW2d 702 (1981); *Wolf v City of New York,* 39 NY2d 568; 384 NYS2d 758; 349 NE2d 858, 860 (1976).

Michigan law imposes on all motorists a general duty to operate their vehicles in a reasonably prudent manner. *Zarzecki v Hatch,* 347 Mich 138, 141; 79 NW2d 605 (1956). While a motorist is not required to guard against every conceivable result of his actions, he is required to exercise reasonable care in order to avoid the foreseeable consequences of his actions. In addition, the determination of whether a particular harm is foreseeable is an issue for the trier of fact in deciding if the defendant has been negligent. *Davis v Thornton,* 384 Mich 138, 146; 180 NW2d 11 (1970).

Based on the pleadings in this case, we believe that the trial court's determination that defendant Charles Wood did not owe a duty to Lorrie Sponkowski was clearly incorrect. Defendant Charles Wood knew that Osmon was following and relying upon him for direction to their destination. Certainly, that understanding and reliance gave rise to a duty on the part of Charles Wood to drive reasonably in light of the apparent risk to all those relying upon him, of which Lorrie Sponkowski was one. Injury to Lorrie is within the foreseeable risk of harm created by defendant's alleged negligent conduct. Therefore, we hold that the trial court erred in dismissing the plaintiff's claim based on the duty issue.

Reversed and remanded.