TERRELL v LBJ ELECTRONICS

Docket No. 124973. Submitted January 16, 1991, at Detroit. Decided May 6, 1991, at 9:30 A.M. Leave to appeal sought.

José Terrell brought a negligence action in the Oakland Circuit Court against LBJ Electronics and Michael Lantz, claiming that Lantz, a boy scout troop leader, had breached a duty of due care to the plaintiff by failing to act in a reasonable manner when he took the plaintiff home from a boy scout meeting in a vehicle leased by LBJ Electronics. The plaintiff, who was eleven years old at the time, was struck by an automobile after he left the defendant's vehicle and was crossing the street to his home. The court, Jessica R. Cooper, J., granted summary disposition for the defendants on the basis that Lantz owed no duty to the plaintiff to discharge him from the vehicle in a safe location. The plaintiff appealed.

The Court of Appeals *held:*

The trial court erred in granting summary disposition for the defendants.

As a general rule there is no duty to protect an individual endangered by the conduct of a third party; however, a duty of reasonable care may arise when one stands in a special relationship either with the victim or the person causing the injury. While there is no allegation that Lantz' status as troop leader obligated him to transport the scouts, by volunteering to take the scouts home Lantz incurred the duty to carefully perform the act and to do what an ordinarily prudent person would do. The question whether Lantz acted as a reasonably prudent person in letting the plaintiff out opposite his home is a question of fact for the jury.

Reversed and remanded.

SULLIVAN, J., dissenting, stated that Lantz owed no special duty to the plaintiff.

*McCrory & Kovsky, P.C.* (by *Charles E. Kovsky* and *Julie E. Gilfix*), for the plaintiff.

*Collins, Einhorn & Farrell, P.C.* (by *Kenneth C. Merritt* and *Noreen L. Slank*), for the defendants.

Before: MURPHY, P.J., and SULLIVAN and SAW-
YER, JJ.

MURPHY, P.J. Plaintiff appeals as of right from
the trial court's grant of summary disposition in
favor of defendants under MCR 2.116(C)(8), failure
to state a claim upon which relief can be granted.
Plaintiff contends that the trial court erred when
it ruled that defendant Lantz, as a Boy Scout troop
leader, owed no duty to discharge plaintiff, a troop
member, from his vehicle in a safe location. We
reverse.

On the evening of June 16, 1982, plaintiff, then
age eleven, attended a meeting of his Boy Scout
troop. Defendant Lantz acted as troop leader on
that night. After the meeting, Lantz drove plaintiff
and seven other Boy Scouts to their homes in a
station wagon leased by his employer, defendant
LBJ Electronics. Plaintiff lived on the north side of
Dorset Street in a residential neighborhood of
Southfield, Michigan. Defendant stopped his vehi-
cle in the eastbound lane near the south side of
Dorset Street, across the street from plaintiff's
home. Plaintiff climbed out of the station wagon
through the tailgate and started across the street.
Plaintiff was injured when he was struck by a car
traveling in the westbound lane of Dorset Street.

Plaintiff's parents sued on plaintiff's behalf the
driver of the vehicle which struck plaintiff and the
Boy Scouts of America and settled those claims
while plaintiff was still a minor. Plaintiff com-
menced the present action after he became an
adult.

On appeal, plaintiff contends that the trial court
erroneously granted defendants' motion for sum-
mary disposition. Plaintiff argues that, because he
had been left in Lantz' charge, defendant Lantz
owed plaintiff a duty to discharge him in a safe

location and to supervise his care and well-being. Plaintiff argues that defendant Lantz' duty arose both out of a special relationship between plaintiff and defendant Lantz and from defendant Lantz' voluntarily undertaking the responsibility of driving plaintiff to his home. We agree that defendant Lantz owed a duty of due care to plaintiff.

A motion for summary disposition pursuant to MCR 2.116(C)(8), failure to state a claim upon which relief can be granted, tests only the legal basis of the claim. It must be decided on the pleadings alone. All pleaded facts and reasonable inferences drawn therefrom are taken as true. The motion should be denied unless the claim is so clearly unenforceable as a matter of law that no factual development could establish the claim and justify recovery. *Chivas v Koehler,* 182 Mich App 467, 474; 453 NW2d 264 (1990). In a negligence action, summary disposition pursuant to MCR 2.116(C)(8) is properly granted if it is determined, as a matter of law, that the defendant owed no duty to the plaintiff. *New Hampshire Ins Group v Labombard,* 155 Mich App 369, 372; 399 NW2d 527 (1986).

The concept of "duty" encompasses only the issue whether the defendant is under any obligation to the plaintiff to avoid negligent conduct. *Moning v Alfono,* 400 Mich 425, 437; 254 NW2d 759 (1977). Duty has been defined as an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another. Whether the law will impose such an obligation depends upon the relationship between the actor and the injured person. *Schuster v Sallay,* 181 Mich App 558, 562; 450 NW2d 81 (1989). The existence of a duty is a question of law. In negligence cases, the duty is always the same: to conform to the legal standard of reasonable

conduct in light of the apparent risk. *Moning, supra,* 438.

As a general rule, there is no duty to protect an individual endangered by the conduct of a third person. However, a duty of reasonable care may arise when one person stands in a special relationship with either the victim or the person causing the injury. The rationale behind imposing a duty to protect in the special relationships is based on control. *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495, 499; 418 NW2d 381 (1988). When a person entrusts himself to the control and protection of another and, consequently, loses control to protect himself, the duty to protect is imposed upon the person in control because he is best able to provide a place of safety. *Id.* Moreover, when a person voluntarily assumes the performance of a duty, he is required to perform that duty carefully. *Sponkowski v Ingham Co Rd Comm,* 152 Mich App 123, 127; 393 NW2d 579 (1986).

In the present case, plaintiff contends that defendant Lantz' duty arose out of the special relationship between them as Boy Scout troop leader and member, as driver and passenger, and as one who voluntarily assumed a duty to another person. We conclude that only the latter two relationships are significant in this case.

Plaintiff alleged that "defendant, as a troop leader in the Boy Scouts of America, had undertaken the duty of transporting home following a Boy Scout meeting." However, there is no allegation that transporting the scouts to their homes was a customary duty of a troop leader. Therefore, we conclude that defendant Lantz' duty as plaintiff's troop leader ended when the scout meeting ended. The fact that defendant Lantz was plaintiff's troop leader is of no relevance in this case except that it happens to be the reason defendant

Lantz was in a position to drive the boys home. Defendant Lantz' duty was only that of any other person in the same position.

In the present case, defendant Lantz' duty of due care to plaintiff primarily arose out of the relationship which was created when defendant Lantz voluntarily assumed the duty of driving plaintiff home in his vehicle. As defendants note, defendant Lantz had no duty, whether as the troop leader or otherwise, to transport or escort plaintiff and the other scouts from the meeting place to their homes. However, when he voluntarily performed this function, he assumed a duty to perform it carefully, not omitting to do what an ordinarily prudent person would do in accomplishing the task. *Sponkowski, supra,* 127. This duty existed regardless of whether defendant Lantz was a troop leader or was any other individual and whether he drove the boys in his car or escorted them on foot. When defendant Lantz volunteered to drive the scouts home, he knew they were relying on him to see that they safely reached their destinations by his operating his vehicle in a careful manner. *Id.*

Moreover, by transporting plaintiff in his car, defendant Lantz assumed the type of control over plaintiff's safety which creates a special relationship and gives rise to a duty to protect. As the driver of the vehicle in which plaintiff rode, defendant Lantz was best able to protect plaintiff, as he left the vehicle, from the negligence of an oncoming driver by discharging plaintiff in a reasonably safe place. *Williams, supra.*

In determining whether a legal duty should be imposed, a court must balance the societal interests involved, the severity of the risks, the burden upon the defendant, the likelihood of the occurrence, and the relationship between the parties.

*Sierocki v Hieber,* 168 Mich App 429, 434; 425 NW2d 477 (1988). When the interests involved in the present case are balanced, we conclude that it is reasonable to impose a duty on defendant. In fact, we see little utility in a rule which would permit a person to volunteer to drive a child to his home without imposing on that person a duty to do it with due care.

Whether defendant Lantz' actions in the present case were reasonable under the circumstances or constituted a breach of his duty of due care is a jury question. *Moning, supra,* 437-438. Therefore, we decline to express any opinion concerning the merits of the remaining elements of plaintiff's claim and hold only that, under the facts pleaded in the complaint, defendant Lantz owed a duty of due care to plaintiff. Therefore, the trial court erred in granting summary disposition in favor of defendants under MCR 2.116(C)(8).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

SAWYER, J., concurred.

SULLIVAN, J. *(dissenting).* I dissent.

Defendant Lantz delivered the 11½-year-old plaintiff, José Terrell, to his home. Defendant stopped his car across the street from the Terrell home and let the boy out. Young Mr. Terrell started to cross the street when he was hit by a car.

Defendant owed no special duty to plaintiff. The ordinary rules of negligence apply. Plaintiff minor was not in a position where, as suggested by the majority, he had lost control to protect himself. As stated in *Madley v Evening News Ass'n,* 167 Mich

App 338, 342; 421 NW2d 682 (1988): "Most children at the age of twelve can appreciate the dangers of crossing a busy street. . . ."

Plaintiff asks this Court to create some special relationship between plaintiff and defendant that would in turn create a duty on the part of defendant. I, for one, decline to accept the invitation.

I would affirm.