BABULA v ROBERTSON

Docket No. 173371. Submitted March 16, 1995, at Lansing. Decided
    July 7, 1995, at 9:35 A.M. Leave to appeal sought.

    Nancy Babula, as conservator of the estate of a sexually molested
        minor, brought an action in the Genesee Circuit Court against
        Janice and Brian B. Robertson, seeking damages resulting from
        the sexual molestation of the minor by Brian while Janice,
        Brian's wife, was baby-sitting the minor. The court, Duncan M.
        Beagle, J., granted summary disposition for Janice, finding that
        she owed no duty to the minor and that alleged negligence
        attributable to her was not the proximate cause of the injury.
        The plaintiff appealed.

        The Court of Appeals *held:*

        1. Janice voluntarily assumed a duty of care when she agreed
    to watch the minor. She assumed control over the minor's
    safety and had a duty to use reasonable care in ensuring that
    the minor's well-being was not endangered. However, the inju-
    ries inflicted by Brian were wholly unforeseeable by Janice.
    Therefore, her general duty of care while baby-sitting did not
    extend to the specific harm done by Brian. Janice was not on
    notice that Brian might injure the minor.

        2. Brian's act of molesting the minor was an unforeseeable
    intervening cause of the minor's injury. Reasonable minds
    could not differ with regard to the court's determination that
    alleged negligence attributable to Janice was not a proximate
    cause of the minor's injury. The court properly found that
    Janice was not liable under a negligence theory.

        Affirmed.

NEGLIGENCE — DUTY OF CARE — BABY-SITTERS — FORESEEABILITY OF
    INJURY.

    A person who voluntarily agrees to baby-sit a minor assumes
        control over the minor's safety and has a duty to use reason-
        able care in ensuring that the minor's well-being is not endan-
        gered; whether an injury to a minor while in a baby-sitter's

REFERENCES
Am Jur 2d, Negligence §§ 154, 208.
See ALR Index under Babysitters; Foreseeability; Negligence.

care was foreseeable does not depend upon whether the manner in which the injury occurred could be foreseen or anticipated in specific detail.

*Davidson, Breen & Doud, P.C.* (by *Craig A. Zanot*), for the plaintiff.

*Loesch & Ball* (by *Robert L. Loesch*), for Janice Robertson.

Before: GRIBBS, P.J., and HOLBROOK, JR. and MARKMAN, JJ.

MARKMAN, J. Plaintiff appeals from the February 11, 1994, order granting defendant Janice Robertson's motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

On July 9, 1990, plaintiff Nancy Babula called her sister, defendant Janice Robertson, to ask her if she would baby-sit Nancy's nine-year-old child the following day. Janice agreed to watch the child.

On July 10, 1990, between 7:30 A.M. and 8:00 A.M., Nancy and the child arrived at Janice's home. At that time, Janice and her husband, defendant Brian Robertson, were in their bedroom. The Robertson's nine-year-old son was asleep in his bedroom. Janice got out of bed and let the child inside the house. Janice then went back to her bedroom to lay back down. The child wanted to watch television and was in the living room adjacent to the bedroom.

Upon returning to her bedroom, Janice told Brian to get ready for work. According to Janice, Brian had returned home several hours earlier, at approximately 5:00 A.M., drunk and unable to speak clearly. In her deposition, Janice claimed that Brian did not have any trouble getting up that morning and that she did not have an oppor-

tunity to observe whether he was still intoxicated when he got out of bed. After Brian got up, Janice went to sleep for approximately fifteen to twenty minutes. During that time, she did not hear any unusual sounds.

While Janice was asleep, Brian molested the child. Later that day, Nancy arrived and took the child home where the child revealed what had occurred. Janice did not learn about the incident until July 11, 1990, when her parents informed her of what had occurred.

At the time of the incident, Janice and Brian had been married for almost ten years. Janice asserted in an affidavit that she had no reason to suspect that Brian would molest the child. Janice claimed that Brian had never engaged in criminal conduct before July 10, 1990. Furthermore, Janice claimed that the child did not require constant supervision within the house. In her deposition, Janice claimed that "[the child is] older . . . [and] pretty much done things [without help]. It wasn't like [the child] was a little baby where you have to take constant care."

After Brian and Janice were married, they lived with Donald and Evelyn Bedwell, Nancy and Janice's parents, for seven years. The Bedwells claimed that, during that time, they were not aware of any instance in which Brian improperly touched or sexually abused the child or any other person. According to the Bedwells, Brian had always conducted himself in a "proper manner."

On September 17, 1990, Brian pleaded guilty to a charge of second-degree criminal sexual conduct. On January 7, 1992, plaintiff filed this civil suit against Brian. Plaintiff amended her complaint on June 30, 1992, to include a negligence claim against Janice. On December 20, 1993, Janice filed

a motion for summary disposition pursuant to MCR 2.116(C)(8) and (10).

The trial court granted the motion pursuant to MCR 2.116(C)(10) on the grounds that Janice owed no duty to the child and that alleged negligence attributable to Janice was not the proximate cause of the child's injury.

Appellate review of a motion for summary disposition is de novo. *Kentwood Public Schools v Kent Co Ed Ass'n,* 206 Mich App 161, 164; 520 NW2d 682 (1994). This Court must review the record to determine whether the moving party is entitled to judgment as a matter of law. *Adkins v Thomas Solvent Co,* 440 Mich 293, 302; 487 NW2d 715 (1992); *Kentwood Schools, supra* at 164. A motion under MCR 2.116(C)(10) tests the factual basis underlying a plaintiff's claim. *Radtke v Everett,* 442 Mich 368, 374; 501 NW2d 155 (1993). MCR 2.116(C)(10) permits summary disposition when, except with regard to the amount of damages, there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Radtke, supra* at 374; *Kentwood Schools, supra* at 164. A court reviewing such a motion must consider the affidavits, depositions, admissions, pleadings, and any other evidence in favor of the party opposing the motion and grant the benefit of any reasonable doubt to the opposing party. *Id.*

Plaintiff argues that the trial court erred in its determination that Janice had no legal duty to the child. To establish a prima facie case of negligence, the plaintiff must prove: (1) that the defendant owed a duty to the plaintiff; (2) that the defendant breached the duty; (3) that the defendant's breach of duty was a proximate cause of the plaintiff's damages; and (4) that the plaintiff suffered damages. *Jackson v Oliver,* 204 Mich App 122, 125; 514

NW.2d 195 (1994). "[W]hether a defendant owes an actionable legal duty to a plaintiff is a question of law that the court must decide after assessing the competing policy considerations for and against recognizing the asserted duty." *Colangelo v Tau Kappa Epsilon Fraternity*, 205 Mich App 129, 132; 517 NW2d 289 (1994).

As a general rule, there is no duty to protect against the criminal acts of a third person absent a special relationship between the defendant and the plaintiff or the defendant and the third person. *Marcelletti v Bathani*, 198 Mich App 655, 664; 500 NW2d 124 (1993). In determining whether a duty exists, courts may contemplate the following policy considerations: the foreseeability of the harm, the degree of certainty of injury, the closeness of connection between the conduct and injury, the moral blame attached to the conduct, the policy of preventing future harm, and the burdens and consequences of imposing a duty and the resulting liability for breach. *Colangelo, supra* at 133; *Buczkowski v McKay*, 441 Mich 96, 101, n 4; 490 NW2d 330 (1992).

Various jurisdictions have held that a baby-sitter is under a common-law duty to exercise prudent and reasonable care to protect from injury a child for whom she is caring. For example, in *Barbarisi v Caruso*, 47 NJ Super 125; 135 A2d 539 (App Div, 1957), a grandmother voluntarily agreed to baby-sit for her daughter's two small children while the daughter went shopping. While in the care of the grandmother, one of the children got his arm caught in a washing machine. As a result, the child suffered a broken arm. *Id.* at 127-129. The trial court dismissed a negligence action instituted on behalf of the child, holding that the children were social guests of the grandmother and, thus, were owed no duty. *Id.* at 129-130. In

reversing the decision of the trial court, the Superior Court of New Jersey, Appellate Division, held:

> [T]he defendant voluntarily assumed a duty which she was under no legal obligation to assume. It is [a] well settled principle of law that "a volunteer must act with due care." Where one undertakes to do an act for another without compensation, the other relying thereon, he is responsible for the exercise of reasonable care in so doing when he assumes and attempts to perform a duty in which he fails. [*Id.* at 130. Citations omitted.]

Other cases in which courts have held that a baby-sitter owes a duty of reasonable care to a child in her care include *Armstrong v Estate of Smith,* 1987 US Dist LEXIS 12214 (D Kan, 1987), *Standifer v Pate,* 291 Ala 434; 282 So 2d 261 (1973), *Whitney v Southern Farm Bureau Casualty Ins Co,* 225 So 2d 30 (La App, 1969), and *Zalak v Carroll,* 15 NY2d 753; 257 NYS2d 177; 205 NE2d 313 (1965).

This Court also has imposed a duty where a defendant voluntarily assumed a function that he was under no legal obligation to assume. In *Terrell v LBJ Electronics,* 188 Mich App 717; 470 NW2d 98 (1991), the plaintiff, an eleven-year-old boy, attended a Boy Scout meeting in which the individual defendant acted as troop leader. After the meeting, the individual defendant drove the plaintiff and seven other Boy Scouts to their homes in a station wagon leased by the other defendant, his employer. *Id.* at 718. The individual defendant stopped the vehicle across the street from the plaintiff's home. *Id.* The plaintiff got out of the car and, as he started across the street, he was struck and injured by an oncoming car. *Id.* The trial court granted summary disposition on behalf of the defendants. *Id.*

On appeal, this Court held that the individual defendant owed a duty to the plaintiff. According to the Court:

> [D]efendant Lantz had no duty, whether as the troop leader or otherwise, to transport or escort plaintiff and the other scouts from the meeting place to their homes. However, when he voluntarily performed this function, he assumed a duty to perform it carefully, not omitting to do what an ordinarily prudent person would do in accomplishing the task. . . . This duty existed regardless of whether defendant Lantz was a troop leader or was any other individual and whether he drove the boys in his car or escorted them on foot. When defendant Lantz volunteered to drive the scouts home, he knew they were relying on him to see that they safely reached their destinations by his operating his vehicle in a careful manner. . . .
>
> Moreover, by transporting plaintiff in his car, defendant Lantz assumed the type of control over plaintiff's safety which creates a special relationship and gives rise to a duty to protect. [*Id.* at 721.]

Like the defendants in *Barbarisi* and *Terrell*, Janice voluntarily assumed a duty of care when she agreed to watch the child. By agreeing to baby-sit the child, Janice assumed control over the child's safety and, thus, had a duty to use reasonable care in ensuring that the child's well-being was not endangered.[1]

However, we also find that the injuries inflicted by her husband, Brian, were wholly unforeseeable. Because they were unforeseeable, Janice's general duty of care while baby-sitting did not extend to

---

[1] In *Buczkowski, supra* at 103, n 8, the Michigan Supreme Court noted that children are in a class historically protected under the law of torts. See, also, *Moning v Alfono,* 400 Mich 425, 445; 254 NW2d 759 (1977).

the specific harm done in the immediate case.[2]

[2] Janice argues that to impose a duty on her for Brian's allegedly unforeseeable actions would mean that she would have a duty to watch her husband or the child full time. In granting Janice's motion for summary disposition, the trial court stated:

I think as I sat there an [sic] analyzed this I said, with a mother placed in a position like this it almost, to some degree one might argue, requires a wife to keep an eye on her husband almost at every particular position, not only when he is intoxicated. Someone might argue, well, good grief, if you are going to take it to that level, when he is under the influence, then someone might say, well, perhaps a mother ought to keep an eye on her husband at every particular time element.

This approach to the issue has the effect of combining the issues of duty and general and specific standards of care. In *Moning,* n 1, *supra* at 437, a majority of the Michigan Supreme Court Justices hearing the case found:

"Duty" comprehends whether the defendant is under *any* obligation to the plaintiff to avoid negligent conduct; it does not include—where there is *an* obligation—the nature of the obligation: the general standard of care and the specific standard of care.

The Court held that when the separate questions of duty, general and specific standards of care, and proximate cause are combined, the functions of the court and the jury are obscured. The Court stated:

While the court decides questions of duty, general standard of care and proximate cause, the jury decides whether there is cause in fact and the specific standard of care: whether defendants' conduct in the particular case is below the general standard of care, including—unless the court is of the opinion that all reasonable persons would agree or there is an overriding legislatively or judicially declared public policy—whether in the particular case the risk of harm created by the defendants' conduct is or is not reasonable. [*Id.* at 438.]

See, also, *Terrell, supra* at 722 (once the existence of a duty is established, it is for the jury to decide whether the defendant breached that duty).

If we analyze this case in terms of duty, without regard to scope, we would reach the question of standard of care. The standard of care in a negligence action is that of a person of reasonable prudence under like circumstances. *Antcliff v State Employees Credit Union,* 414 Mich 624, 631-632; 327 NW2d 814 (1982); *Moning, supra.* Although the standard of care never varies, the amount of care and the type of conduct required may vary with the circumstances. *Antcliff, supra* at

When the incident occurred, Janice had been married to Brian for almost ten years. There is no suggestion that, before molesting the child, Brian ever had engaged in any criminal behavior. The Bedwells further claimed that Brian always conducted himself in a proper manner. The mere fact that Brian was allegedly intoxicated when Janice went to sleep was not sufficient to put her on notice that Brian might injure the child.

Plaintiff argues that the proper inquiry is whether some harm, not necessarily the sexual molestation injury, was foreseeable. In support of her contention, plaintiff relies on *Clumfoot v St Clair Tunnel Co,* 221 Mich 113; 190 NW 759 (1922). In *Clumfoot,* the Michigan Supreme Court found that, in order for harm to be foreseeable, it is not necessary that the manner in which a person might suffer injury be foreseen or anticipated in specific detail. *Id.* at 117. While we agree that the correct inquiry is not the foreseeability of the specific manner in which the child was injured, we nevertheless find that it was not forseeable that Brian would injure the child.

Foreseeability is also relevant with regard to the issue of proximate cause. *Berry v J & D Auto Dismantlers, Inc,* 195 Mich App 476, 481; 491 NW2d 585 (1992).

> The questions of duty and proximate cause are interrelated because the question whether there is the requisite relationship, giving rise to a duty, and the question whether the cause is so significant and important to be regarded a proximate cause both depend in part on foreseeability. [*Moning v Alfono,* 400 Mich 425, 439; 254 NW2d 759 (1977).]

632. However, regardless, of whether Janice met the specific standard of care, negligence could not be established for lack of proximate cause.

In fact, the question of proximate cause has been characterized as "a policy question often indistinguishable from the duty question." *Id.* at 438.

Liability for negligence does not attach unless the plaintiff establishes that the injury in question was proximately caused by the defendant's negligence. *Brisboy v Fibreboard Corp,* 429 Mich 540, 547; 418 NW2d 650 (1988); *Schutte v Celotex Corp,* 196 Mich App 135, 138; 492 NW2d 773 (1992). Proximate cause means such cause as operates to produce particular consequences without the intervention of any independent, unforeseen cause, without which the injuries would not have occurred. *Nielsen v Henry H Stevens, Inc,* 368 Mich 216, 220; 118 NW2d 397 (1962); *Paparelli v General Motors Corp,* 23 Mich App 575, 577; 179 NW2d 263 (1970). Ordinarily, the determination of proximate cause is left to the trier of fact, but if reasonable minds could not differ regarding the proximate cause of the plaintiff's injury, the court should rule as a matter of law. *Berry, supra* at 481.

This Court finds that reasonable minds could not differ with regard to whether alleged negligence attributable to Janice was a proximate cause of the child's injury. For the reasons discussed above, we find that Brian's act of molesting the child was an unforeseeable intervening cause of the child's injury.

Therefore, whether analyzed in terms of scope of duty or proximate cause, Janice is not liable in negligence for the child's injuries. The trial court did not err in granting Janice's motion for summary disposition.

Affirmed.