# STATE OF MICHIGAN

# COURT OF APPEALS

GLORIA SHANDMARTIN, a/k/a GLORIA
SHAND, a/k/a GLORIA MARTIN,

        Plaintiff-Appellant,

v

FIFTH THIRD MORTGAGE-MI, L.L.C., and
FIFTH THIRD MORTGAGE COMPANY,

        Defendants-Appellees,

and

CITIBANK, N.A.,

        Defendant.

UNPUBLISHED
December 9, 2014

No. 316237
Oakland Circuit Court
LC No. 2012-126876-CH

Before: RIORDAN, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

In this action to set aside a foreclosure sale, plaintiff appeals as of right from the trial court's order granting summary disposition in favor of defendants Fifth Third Mortgage-MI, L.L.C. and Fifth Third Mortgage Company.[1] We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In February 2007, plaintiff obtained a mortgage loan from defendant Fifth Third Mortgage-MI L.L.C. on residential property in Farmington Hills, Michigan. In June 2007, Fifth Third Mortgage-MI, L.L.C. assigned its mortgage interest to defendant Fifth Third Mortgage Company. The written assignment was recorded in October 2007. Plaintiff thereafter defaulted on the mortgage and Fifth Third Mortgage Company commenced proceedings to foreclose on the

---

[1] Defendant Citibank, N.A. is not a party to this appeal. As used in this opinion, the term "defendants" shall refer only to Fifth Third Mortgage-MI, L.L.C., and Fifth Third Mortgage Company.

-1-

property by advertisement. Fifth Third Mortgage Company purchased the property at a sheriff's sale on January 10, 2012 after making a "credit bid" in the amount of $199,000.

In May 2012, plaintiff brought this action to set aside the sheriff's sale on the ground that Fifth Third Mortgage Company was not a proper party to commence a foreclosure proceeding. Defendants moved for summary disposition, arguing that there was no genuine issue of material fact regarding Fifth Third Mortgage Company's authority to initiated foreclosure proceedings. The trial court agreed and granted defendants' motion. This appeal followed.

## II. TIMELINESS OF DEFENDANTS' MOTION

Plaintiff first argues that the trial court erred in considering defendants' motion because it was filed three weeks after the cutoff date for filing dispositive motions as set forth in a scheduling order. This Court reviews a trial court's decision whether to entertain a motion filed after a scheduling deadline for an abuse of discretion. *Kemerko Clawson, LLC v RxIV, Inc*, 269 Mich App 347, 349; 711 NW2d 801 (2005). A trial court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

Although MCR 2.116(B)(2) provides that a motion for summary disposition may be filed at any time, a trial court retains discretion to set limits on the filing of dispositive motions. *Kemerko Clawson*, 269 Mich App at 350-351. A trial court also has the inherent power to control the movement of cases on its docket, *Banta v Serban*, 370 Mich 367, 368; 121 NW2d 854 (1963), and a court is authorized to issue more than one scheduling order in a case. MCR 2.401(B)(2)(a). Here, defendants filed their motion for summary disposition after the original scheduling order's cutoff date for filing dispositive motions, but the trial court later issued another scheduling order that permitted defendants' motion. Further, the court gave principled reasons for allowing the late motion. Although plaintiff argues that the trial court's decision to hear the motion compromised her opportunity for a settlement, there is no indication in the record that defendants were willing to settle. On the contrary, it was defendants' position that there was no genuine issue of material fact regarding their authority to foreclose by advertisement, and that they were entitled to judgment as a matter of law. If the court had declined to hear defendants' summary disposition motion, it would not have prevented defendants from relying on the same evidence in support of a motion for a directed verdict at trial. See MCR 2.516. The trial court's decision to address the merits of defendants' summary disposition motion promoted the interests of judicial economy and was not an abuse of discretion.

## III. SUMMARY DISPOSITION

Plaintiff also challenges the trial court's grant of summary disposition to defendants. This Court reviews a trial court's summary disposition decision de novo. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). Defendants moved for summary disposition under both MCR 2.116(C)(8) (failure to state a claim on which relief can be granted) and (C)(10) (no genuine issue of material fact). The trial court did not state under which subrule it granted the motion, but its consideration of evidence beyond the pleadings indicates that the motion was granted under MCR 2.116(C)(10). See *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). A motion under MCR 2.116(C)(10) tests the factual support

for a claim. *Babula v Robertson*, 212 Mich App 45, 48; 536 NW2d 834 (1995). A reviewing court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted by the parties. MCR 2.116(G)(5). Summary disposition should be granted if, except as to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Babula*, 212 Mich App at 48. See also *Smith v Globe Life Ins Co*, 460 Mich 446, 455-456 n 2; 597 NW2d 28 (1999).

We find no merit to plaintiff's argument that Fifth Third Mortgage Company was not the proper party to foreclosure on plaintiff's property. At the time of the foreclosure proceeding, MCL 600.3204(1)(d) provided:

> (1) Subject to subsection (4), a party may foreclose a mortgage by advertisement if all of the following circumstances exist:
>
> * * *
>
> (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

In addition, MCL 600.3204(3) provided that "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 [MCL 600.3216] evidencing the assignment of the mortgage to the party foreclosing the mortgage." Thus, a party who is not the original mortgagee must obtain an assignment of the mortgage and record that assignment before it can bring a foreclosure proceeding. See *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 106, 113; 825 NW2d 329 (2012).

In this case, defendants submitted evidence showing that Fifth Third Mortgage-MI, L.L.C., the original mortgagee, assigned its mortgage interest to Fifth Third Mortgage Company. Defendants also submitted evidence showing that the assignment was recorded with the Oakland County Register of Deeds before Fifth Third Mortgage Company initiated foreclosure proceedings. In addition, defendants submitted an affidavit from a representative of Fifth Third Mortgage Company, who attested that there had been no other assignments of the mortgage, including to a trust, and that "Fifth Third Mortgage" was in possession of the original document signed by plaintiff.[2] Despite plaintiff's belief that the mortgage may have been transferred to another entity, plaintiff never presented any evidence in support of any other transfer. There was no evidence that the mortgage had ever been assigned to a party other than Fifth Third Mortgage Company.

---

[2] Although defendants initially submitted only an unsigned affidavit, they later submitted a signed affidavit with their reply to plaintiff's answer to their motion. Therefore, the trial court did not err by considering the affidavit.

Plaintiff complains that the trial court failed to address her claim that a trust may have held an interest in the mortgage note. However, plaintiff has not demonstrated that it was necessary to do so. Even if there was some assignment of an interest in the underlying debt involving a trust, such assignment would not have affected Fifth Third Mortgage Company's right to foreclose, as the record holder of the mortgage. *Residential Funding Co, LLC v Saurman*, 490 Mich 909, 909-910; 805 NW2d 183 (2011). Moreover, defendants submitted evidence showing that the note was endorsed to Fifth Third Mortgage Company, giving it the right to foreclose. See *Citibank, NA v Dalessio*, 756 F Supp 2d 1361, 1365 (MD Fla, 2010). In sum, defendants submitted evidence showing that Fifth Third Mortgage Company held the right to enforce both the mortgage and the note for the underlying debt, and plaintiff never came forward with any evidence to support her contention that some other entity held either title to the mortgage or the right to payment of the debt such that Fifth Third Mortgage Company lacked the authority to foreclose by advertisement. Accordingly, plaintiff failed to demonstrate a genuine issue of material fact regarding whether Fifth Third Mortgage Company was the proper party to commence a foreclosure proceeding.

For this same reason, there also is no merit to plaintiff's argument that Fifth Third Mortgage Company could not offer a "credit bid" on the property at the sheriff's sale. A "credit bid" occurs when the lender or creditor makes a bid at a foreclosure sale. The lender for the property who bids need not pay cash because the cash would simply be returned to it. See *New Freedom Mtg Corp v Globe Mtg Corp*, 281 Mich App 63, 68; 761 NW2d 832 (2008). Plaintiff's argument is premised on her position that Fifth Third Mortgage Company could not make a credit bid because it was not owed the debt, but the submitted evidence showed otherwise.

Finally, there is no merit to plaintiff's argument that she did not have adequate time for discovery. The trial court's scheduling order indicates that discovery was to be completed by January 7, 2013. Plaintiff has not demonstrated either that the discovery cutoff date in the trial court's original scheduling order was inadequate, or that additional discovery was likely to produce further factual support for her challenge to the foreclosure proceeding. *Diem v Sallie Mae Home Loans, Inc*, ___ Mich App ___; ___ NW2d ___ (Docket No. 317499, issued October 16, 2014), slip op at 5.

Affirmed.

/s/ Michael J. Riordan
/s/ Jane M. Beckering
/s/ Mark T. Boonstra

-4-