*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RAPHAELA ALLEN, Legal Guardian of MACK
KELLY, III,

    Plaintiff-Appellant,

v

SPRING LOADED I, LLC,

    Defendant-Appellee.

UNPUBLISHED
September 22, 2022

No. 357231
Oakland Circuit Court
LC No. 2019-177801-NO

Before: RONAYNE KRAUSE, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff, Raphaela Allen, legal guardian of Mack Kelly, III, appeals as of right the trial court order granting defendant, Spring Loaded I, LLC, summary disposition. Plaintiff argues that she was entitled to an adverse inference because defendant intentionally destroyed evidence, and that questions of fact and the adverse inference precluded summary disposition in favor of defendant. We affirm.

## I. FACTUAL BACKGROUND

Plaintiff is the mother of Mack, a nonverbal autistic individual. On November 12, 2016, plaintiff brought Mack and several other children to Airtime trampoline park in Troy. Plaintiff filled out a waiver form for Mack and some of the other children before paying for them to participate. Mack was 15 years old and still a minor at the time. The children were given wristbands and jump socks, and they proceeded to a jumping area. Plaintiff reviewed the safety rules with the children, including Mack.

After no more than five minutes, Mack was jumping or running from one trampoline to another and caught his foot on the orange divider that separated the individual trampolines. Mack's ankle went forward but his foot went back. Plaintiff witnessed the injury. She ran onto the trampoline to retrieve Mack, who was also having an asthma attack. The park manager arrived, and she called the police and emergency medical services. An ambulance took plaintiff and Mack to Beaumont Royal Oak, where it was determined that Mack's right ankle was fractured. Emergency surgery was scheduled for the next morning, and Mack stayed in the hospital for three

to four days. Mack wore a cast from his ankle to his knee for about three months. His schoolwork was sent home. After the cast was removed, he wore a walking boot for six weeks. Physical therapy was recommended, but given his regular therapy schedule for his autism, it was never completed. Mack still has screws in his ankle, and may need another surgery to remove them.

## II. PROCEDURAL HISTORY

Plaintiff initially filed a complaint against RPT Realty Properties, Limited Partnership and WB Holdings, LLC, both doing business as Airtime Trampoline & Game Park, but both of these parties were dismissed when defendant stipulated that it was the owner of the trampoline park on the day of the incident. Plaintiff filed an amended complaint, alleging that on November 12, 2016, Mack was a "business invitee" at the trampoline park when he

> tripped and fell on a camouflaged, uneven, bunched, improperly secured and loose defective pad, which was not stapled, tacked down, taped down, or matted down to the trampoline, which posed a danger and was not enclosed, and was entrusted to the Defendant's care, resulting in injuries and damages hereinafter set forth due to Defendants' active negligence causing Plaintiff to sustain serious and disabling injuries.

Plaintiff alleged that defendant was responsible for the active negligence of its employees, and therefore liable for the injuries sustained by Mack. Defendant owed a duty to Mack, and breached that duty by permitting a dangerous condition to exist in a public area, failing to repair or replace the padding, and failing to keep the area in a fit condition. As a direct and proximate result of defendant's negligence, Mack suffered injuries.

Defendant filed an initial motion for summary disposition, but at the hearing, the court determined that it needed pictures of the trampoline park and the dividers to make a decision, so it denied the motion without prejudice, and entered an order allowing defendant to file a supplemental brief to its motion or to file a new motion, with pictures attached.

Shortly after this hearing, an estate sale was held at the trampoline park to satisfy unpaid rent as a result of the park's closure beginning in March 2020 because of the COVID-19 pandemic. When defendant moved to adjourn the deadline for summary disposition motions because the trampoline park had closed, and the corporate entity named as defendant had dissolved, plaintiff filed a response in opposition, arguing that now there was a spoliation issue because defendant sold or destroyed all the equipment at the exact location where the incident occurred. The court held a hearing and granted the motion over plaintiff's objection, allowing defendant to file a supplemental brief or renewed motion for summary disposition. The court instructed plaintiff to incorporate her spoliation argument into her response.

Instead, plaintiff moved to exclude evidence and for an adverse inference or presumption based on defendant's intentional spoliation of evidence. Defendant filed a response in opposition, and the court held a hearing wherein it decided to "postpone" making a decision, and again advised plaintiff to incorporate her spoliation argument into her response to defendant's motion for summary disposition.

Defendant filed a renewed motion for summary disposition under MCR 2.116(C)(8) and (C)(10), arguing that (1) the Michigan Trampoline Court Safety Act, MTCSA, MCL 691.1731 *et seq.*, bars plaintiff's action because it provides that individuals who trampoline accept the danger inherent in the activity, including injuries that result from landing on the trampoline, pad, or platform, (2) plaintiff consented to the risks inherent in trampolining, (3) the risks inherent in trampolining are open and obvious, and (4) plaintiff's theory that the trampolines were defectively designed was not supported by expert testimony as required.

Plaintiff filed a response in opposition, arguing that because defendant intentionally disposed of relevant evidence, plaintiff was entitled to a presumption or inference that the evidence was adverse to defendant, and this precluded summary disposition. Additionally, plaintiff argued that defendant was liable for the negligence of its employees in allowing a defective condition to exist that caused Mack's injury, and neither the MTCSA or the assumption of risk doctrine absolved defendant of liability. Plaintiff argued that the risk of injury from an improperly installed or maintained trampoline and defendant's employees' negligence was not open and obvious, nor does this doctrine bar her claim for ordinary negligence. Lastly, plaintiff argued that Mack was not injured because of a defective design, but because the risk presented by the dividers was not apparent or foreseeable, and defendant's disposal of the equipment precludes the expert examination that defendant claims is necessary.

Defendant filed a reply in support of its renewed motion for summary disposition, asserting that plaintiff never made any discovery requests related to the trampoline equipment, or explain how the equipment, rather than the photos, is required to support her claim of negligence. Defendant also asserted that plaintiff's negligence claim is a premises liability claim in disguise.

The court held a hearing on defendant's renewed motion, and the parties argued consistent with their briefs. The court stated that it "agrees with defendant," and granted the motion. Plaintiff moved for reconsideration, again asserting her spoliation argument. Defendant filed an objection, and the court denied the motion for failure to demonstrate a palpable error by which the court and the parties had been misled.

III. ANALYSIS

Plaintiff argues that she was entitled to an adverse inference because defendant intentionally destroyed evidence, and that questions of fact and the adverse inference precluded summary disposition in favor of defendant. We conclude that the trial court properly granted defendant summary disposition, and as such, begin our analysis with plaintiff's second issue on appeal.

The grant or denial of summary disposition is reviewed by this Court de novo. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020). Defendant filed its renewed motion for summary disposition under MCR 2.116(C)(8) and (C)(10). The trial court did not specify under which subrule it granted the motion. Where the trial court fails to do this, but the court relied on matters outside the pleadings, review under MCR 2.116(C)(10) is appropriate. *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 457; 750 NW2d 615 (2008). Because summary disposition under MCR 2.116(C)(8) relies on the pleadings alone, and the trial court

specifically directed defendant to file photographs in support of its motion, review under MCR 2.116(C)(10) is appropriate.

"[A] motion under MCR 2.116(C)(10) test the factual sufficiency of the complaint[.]" *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) when the affidavits or other documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Glasker-Davis*, 333 Mich App at 229 (quotation marks and citation omitted). A genuine issue of fact exists if, when reviewing the record in the light most favorable to the nonmoving party, reasonable minds could differ. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 116; 839 NW2d 223 (2013).

## A. THE COURT APPLIED THE PROPER STANDARD

As an initial matter, plaintiff argues that the trial court applied the wrong standard in deciding defendant's motion for summary disposition, alleging that the trial court required plaintiff to prove her case by a preponderance of the evidence. We disagree.

"Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Pena v Ingham Co Rd Comm*, 255 Mich App 299, 310; 660 NW2d 351 (2003) (quotation marks and citation omitted). At the hearing on defendant's renewed motion, the court asked plaintiff's counsel several times what evidence plaintiff was relying on to prove the elements of her negligence claim, in particular, what evidence she would use to prove substandard installation or maintenance. Plaintiff's counsel stated there was plaintiff's testimony that she did not see any reason for the dividers, as well as any conversations plaintiff may have had with employees of defendant. The court noted that it was only seeing speculation, and that plaintiff was making a res ipsa argument. The court saw no evidence of substandard maintenance or installation of the trampoline dividers. "[P]arties opposing a motion for summary disposition must present more than conjecture and speculation to meet their burden of providing evidentiary proof establishing a genuine issue of material fact." *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993).

Therefore, the trial court used the proper standard in analyzing defendant's renewed motion for summary disposition, and plaintiff's argument that any procedural error precludes summary disposition lacks merit.

## B. ORDINARY NEGLIGENCE

The trial court properly granted defendant summary disposition because there were no genuine issues of material fact that the dangers associated with trampolining were reasonably foreseeable, and Mack accepted those dangers.

To establish a prima facie case of negligence, plaintiff must establish that (1) defendant owed plaintiff a duty, (2) defendant breached that duty, (3) the breach was a proximate cause of plaintiff's damages, and (4) plaintiff suffered damages. *Latham v Nat'l Car Rental Sys, Inc*, 239

Mich App 330, 340; 608 NW2d 66 (2000). The threshold issue is whether the defendant owed the plaintiff a legal duty. *Johnson v Bobbie's Party Store*, 189 Mich App 652, 659; 473 NW2d 796 (1991). It is undisputed that plaintiff and Mack were invitees on defendant's premises—the trampoline park. Generally, merchants do not have a duty to protect invitees from unreasonable risks that are not foreseeable. *MacDonald v PKT, Inc*, 464 Mich 322, 332; 628 NW2d 33 (2001). A duty only arises on behalf of invitees that are easily identifiable as being foreseeably endangered. *Id*. Once a duty is established, breach of that duty is a question of fact. *Boumelhem v Bic Corp*, 211 Mich App 175, 181; 535 NW2d 574 (1995). The determination of duty and proximate cause are closely related because the issue of whether there is a requisite relationship giving rise to a legal duty, and the issue of whether the cause is so significant to be considered a proximate cause, both depend on foreseeability. *Babula v Robertson*, 212 Mich App 45, 53; 536 NW2d 834 (1995).

In 2014, the Legislature enacted the MTCSA, MCL 691.1731 *et seq.*, to provide the duties and liabilities of trampoline court operators and individuals who use trampoline courts. Under MCL 691.1733(b), a trampoline court operator shall "[c]omply with the safety standards specified in [American Society for Testing and Materials (ASTM)] F2970-13, 'Standard Practice for Design, Manufacture, Installation, Operation, Maintenance, Inspection and Major Modification of Trampoline Courts' published in 2013 by the American society for testing and materials." MCL 691.1736 provides:

> An individual who participates in trampolining accepts the danger that inheres in that activity insofar as the dangers are obvious and necessary. Those dangers include, but are not limited to, injuries that result from collisions with other trampoliners or other spectators, injuries that result from falls, injuries that result from landing on the trampoline, pad, or platform, and injuries that involve objects or artificial structures properly within the intended travel of the trampoliner that are not otherwise attributable to the operator's breach of his or her common law duties.

The trial court properly granted defendant summary disposition because plaintiff failed to establish any genuine issues of material fact whether defendant breached its duty to Mack as an invitee because the risks associated with trampolining are foreseeable. The plain language of the statute provides that people who trampoline accept the danger inherent in the activity that are obvious and necessary, including falls, injuries from landing on the trampoline or padding, and injuries involving objects within the intended travel of the participating individual. *Id*. The dividers plaintiff asserts were negligently maintained can properly be considered "padding" or an object within the intended travel of the trampoliner. *Id*.

Plaintiff and Mack were both aware of the safety rules and precautions of trampolining. Plaintiff signed the safety waiver on Mack's behalf, and explained the rules to him. Although plaintiff did not remember, a safety audio recording and video were playing at the entrance of the trampoline park. The audio recording warned that "jumping on a trampoline can be dangerous," and advised jumpers, "do not flip over pads," "land with both feet," and "do not land or jump on padding." The safety video that played had no sound, but displayed written warnings, including, "do not jump or land on the padding," and "failure to follow the rules may result in injury . . . ." Although autistic, Mack had no issues with his vision or hearing, and understood English.

Mack's injury occurred when he was running or jumping from one trampoline to another, divided by the orange barrier, when his foot caught the divider. That plaintiff testified that she did not see a reason for the dividers does not create a question of fact. In fact, the ASTM safety standards require trampoline operators to have separate trampolines rather than one big trampoline, and to have padding over the frames of each trampoline, ASTM F2970-15, ¶¶ 7.5.3, 7.11.3,[1] and these standards are incorporated into the MTCSA, MCL 691.1733(b). Therefore, there is no genuine issue of material fact regarding whether Mack accepted the inherent danger of sustaining an injury from landing on the trampoline pad, and plaintiff cannot recover unless Mack's injury was otherwise attributable to defendant's breach of its common law duties. MCL 691.1736.

The common law regarding recreational activity was provided in *Ritchie-Gamester v City of Berkley*, 461 Mich 73, 87; 597 NW2d 517 (1999): "When people engage in a recreational activity, they have voluntarily subjected themselves to certain risks inherent in that activity. When one of those risks results in injury, the participant has no ground for complaint." Although not applicable to this case, the *Ritchie-Gamester* case concerned multiple participants, and the Court concluded that "coparticipants in a recreational activity owe each other a duty not to act recklessly." *Id.* at 95. Regardless, the common law establishes that defendant did not breach any of its duties because Mack accepted the risks inherent in trampolining. *Id.* at 87. Plaintiff signed the waiver on his behalf, and he was made aware of the safety rules.

Therefore, there is no genuine issue of material fact that the risks associated with trampolining were foreseeable, Mack accepted those risks, plaintiff's claim for ordinary negligence fails, and summary disposition in favor of defendant was proper. This conclusion renders discussion of defendant's alternate theory for affirming based on premises liability unnecessary, as well as plaintiff's spoliation argument.

Affirmed.

/s/ Kathleen Jansen
/s/ Brock A. Swartzle

---

[1] ¶ 7.5.3 provides:

> Except for necessary seams, the frame padding, where required, shall cover the top surface of the frame, be wide enough to completely cover the top surface of the suspension system including frame, and D rings at rest.

¶ 7.11.3 provides:

> The impact attenuation material shall cover the entire top surface of the frame and be wide enough to completely cover the entire top surface of the suspension system.