GOULD v ATWELL

Docket Nos. 140831, 146197. Submitted December 16, 1993, at Lansing. Decided May 3, 1994, at 9:25 A.M.

Rita and Clinton Gould brought an action in the Genesee Circuit Court against James B. and Earl Atwell, seeking damages for injuries sustained by Rita Gould when a horse owned by the defendants collided with her car on a public street. The circuit court, Earl E. Borradaile, J., granted partial summary disposition for the defendants and entered an order allowing the plaintiffs to amend their complaint. After mediation, the matter was tried in the 67th District Court, Harland R. Caswell, J., and a directed verdict was granted for the defendants. The plaintiffs appealed, and the Genesee Circuit Court, Earl E. Borradaile, J., affirmed the district court's decision. The plaintiffs appealed as of right from the circuit court's order granting the defendants partial summary disposition (Docket No. 140831) and appealed by leave granted from the circuit court's order affirming the district court's order directing a verdict for the defendants (Docket No. 146197). The appeals were consolidated.

The Court of Appeals *held:*

1. The circuit court did not err in granting the defendants summary disposition with regard to the plaintiffs' claim that the defendants were negligent because they violated MCL 433.12; MSA 18.789(2). The plaintiffs cannot have the benefit of a presumption of negligence for the violation of MCL 433.12; MSA 18.789(2) because the Legislature, through MCL 433.13; MSA 18.789(3), has created civil liability for allowing animals to run at large. This holding is not abrogated by the fact that MCL 433.12; MSA 18.789(2) does not provide for both criminal culpability and civil liability. MCL 433.12; MSA 18.789(2) and

REFERENCES

Am Jur 2d, Animals §§ 85-93, 100-101.5.

Liability for damage to motor vehicle or injury to person riding therein from collision with runaway horse, or horse left unattended or untied in street. 49 ALR4th 653.

Owner's liability, under legislation forbidding domestic animals to run at large on highways, as dependent on negligence. 34 ALR2d 1285.

MCL 433.13; MSA 18.789(3) both prohibit owners of animals from permitting their animals to run at large, and the Legislature obviously intended to limit the civil liability to only property damage.

2. The district court should have instructed the jury that the defendants' violation of MCL 257.676b; MSA 9.2376(2) was evidence from which it could infer negligence because Rita Gould was within the class intended to be protected by the statute and the evidence supported a finding that the violation of the statute was a proximate cause of the injury. The plaintiffs pleaded sufficient facts to reasonably inform the defendants that the nature of their claim was negligence. The plaintiffs properly could rely upon a presumption of negligence under MCL 257.676b; MSA 9.2376(2).

3. The plaintiffs established a prima facie case of negligence. Individuals who keep horses for their own purposes are required to protect the community against the risk involved. To make a prima facie case of negligence, the plaintiffs were required to show only that the defendants failed to control or restrain the horse. The circuit court erred in affirming the district court's order directing a verdict for the defendants.

Affirmed in part, reversed in part, and remanded.

1. NEGLIGENCE — PENAL STATUTES — PRIMA FACIE CASE — CIVIL LIABILITY.

Violation of a penal statute that does not provide for civil liability creates a prima facie case of negligence from which the jury may draw an inference of negligence, but does not establish negligence per se; absent explicit legislative language creating civil liability for the violation of a criminal statute, a court may either adopt the legislative standard or retain the common-law reasonable person standard of care.

2. HIGHWAYS — OBSTRUCTION OF HIGHWAY — NEGLIGENCE — REBUTTABLE PRESUMPTION OF NEGLIGENCE.

A defendant's violation of MCL 257.676b; MSA 9.2376(2) establishes a rebuttable presumption of negligence with regard to a claim by a plaintiff who is within the class intended to be protected by the statute.

3. NEGLIGENCE — ANIMALS — HORSES — PRIMA FACIE CASE.

Individuals who keep horses for their own purposes must protect the community against the risk involved; a prima facie case of negligence is established by a showing that the plaintiff was injured by a horse that the defendant owner failed to control or restrain.

*Michael J. Mangapora, P.C.* (by *Michael J. Mangapora* and *Rex A. Ziebarth*), for the plaintiffs.

*Henneke, McKone & Fraim, P.C.* (by *Edward G. Henneke*), for the defendants.

Before: GRIBBS, P.J., and HOLBROOK, JR., and J. D. PAYANT,* JJ.

PER CURIAM. In this negligence action, the plaintiffs appeal as of right in Docket No. 140831 the circuit court's order granting the defendants partial summary disposition. In Docket No. 146197, the plaintiffs appeal by leave granted the circuit court's order affirming the district court's order directing a verdict in the defendants' favor. In an order dated April 29, 1992, this Court consolidated the appeals. We affirm in part, reverse in part, and remand.

On January 21, 1987, the defendants' horse was hobbled yet leaped the fence surrounding its paddock. In the defendants' attempt to recapture the horse, defendant James Atwell stood in the middle of Coldwater Road in Richfield Township in order to stop traffic. Plaintiff Rita Gould was driving on Coldwater Road and claimed that she completely stopped when she saw Atwell in the road. The horse then ran into the end of her car. The sight of the damage to the horse allegedly caused Rita Gould to experience nightmares, constant crying, and hyperventilation.

In their complaint, the plaintiffs asserted that the defendants were liable for violating MCL 433.12; MSA 18.789(2). Plaintiff Rita Gould sought damages for physical and emotional injuries. Plaintiff Clinton Gould sought damages for loss of consortium. Defendants filed a motion for sum-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

mary disposition, arguing that the plaintiffs did not have a cause of action under the statute because it was penal in nature. The circuit court determined that the plaintiffs were precluded from claiming negligence under MCL 433.12; MSA 18.789(2) because MCL 433.13; MSA 18.789(3) provided for civil liability for only property damage caused by animals running at large. The circuit court granted the defendants' motion, but allowed the plaintiffs to amend their complaint to assert common-law negligence.

After mediation, the matter was tried in district court. In response to defense counsel's motion for a directed verdict, the plaintiffs' counsel argued that a rebuttable presumption of negligence existed because the defendants violated MCL 433.12; MSA 18.789(2) by not preventing the horse from running at large. Similarly, the plaintiffs' counsel further argued that a rebuttable presumption of negligence existed because the defendants violated MCL 257.676b; MSA 9.2376(2). The district court stated that the defendants were in a no-win situation, reasoning that if the defendants had not attempted to stop traffic, they were negligent by failing to prevent any accidents. On the other hand, the defendants may be considered negligent because they illegally stopped traffic. The district court found that the defendants acted reasonably and thus granted their motion for a directed verdict. The circuit court affirmed the district court's decision in an order dated May 2, 1991.

In Docket No. 140831, the plaintiffs argue that the circuit court erred in granting the defendants summary disposition of the plaintiffs' claim that the defendants were negligent in violating MCL 433.12; MSA 18.789(2). Plaintiffs contend that the evidence showing that the defendants violated the penal statute creates a rebuttable presumption of

negligence. Plaintiffs rely upon the same argument in Docket No. 146197, where they contend that the district court erred in directing a verdict in the defendants' favor. Plaintiffs also purport that MCL 433.13; MSA 18.789(3) does not prevent a person from seeking damages for personal injuries on the basis of the violation of MCL 433.12; MSA 18.789(2).

MCL 433.12; MSA 18.789(2) provides, in relevant part:

> (2) The owner of an animal shall not permit or enable his animal to run at large in this state.
>
> *   *   *
>
> (4) A person who violates this section is guilty of a misdemeanor.

MCL 433.13; MSA 18.789(3) provides, in relevant part:

> (1) A person who sustains any loss of, or damage to, property by an animal running at large may demand reasonable compensation from the owner of the animal as reparation for the loss or damage or as ordered by the court.

Violation of a penal statute creates a prima facie case of negligence from which the jury may draw an inference of negligence, but it does not establish negligence per se. *Zeni v Anderson,* 397 Mich 117, 128-129; 243 NW2d 270 (1976); *Rodriguez v Solar of Michigan, Inc,* 191 Mich App 483, 487-488; 478 NW2d 914 (1991). However, this rule of law is applicable only if the penal statute does not provide for civil liability. Absent explicit legislative language creating civil liability for the violation of a criminal statute, a court in its discretion may either adopt the legislative standard or retain

the common-law reasonable person standard of care. *Zeni, supra,* p 137, citing *LaCroix v Grand Trunk W R Co,* 379 Mich 417, 438-439; 152 NW2d 656 (1967).

In the present case, we find that the plaintiffs cannot have the benefit of a presumption of negligence for the violation of the penal statute where the Legislature has created civil liability for allowing animals to run at large. Our holding is not abrogated by the fact that MCL 433.12; MSA 18.789(2) does not provide for both criminal culpability and civil liability. MCL 433.12; MSA 18.789(2) and MCL 433.13; MSA 18.789(3) both prohibit owners of animals from permitting their animals to run at large, and the Legislature obviously intended to limit the civil liability to only property damage. We conclude that the circuit court did not err in granting the defendants summary disposition of the plaintiffs' claim that the defendants were negligent because they violated MCL 433.12; MSA 18.789(2).

Next, in Docket No. 146197, the plaintiffs contend that the defendants' violation of MCL 257.676b; MSA 9.2376(2) establishes a rebuttable presumption of negligence. Unlike MCL 433.12; MSA 18.789(2), § 676b is not a penal statute. Instead, it prohibits individuals from blocking traffic, and provides, in pertinent part:

> A person, without authority, shall not block, obstruct, impede, or otherwise interfere with the normal flow of vehicular or pedestrian traffic upon a public street or highway in this state, by means of a barricade, object, or device, or with his or her person. This section shall not apply to persons maintaining, rearranging, or constructing public utility facilities in or adjacent to a street or highway.

We find that the district court should have instructed the jury that the defendants' violation of this statute was evidence upon which it could infer negligence because Rita Gould was within the class intended to be protected by the statute and the evidence supported a finding that the violation of the statute was a proximate cause of the injury. *Williams v Coleman,* 194 Mich App 606, 622; 488 NW2d 464 (1992). We also reject the defendants' argument that the plaintiffs cannot rely upon a presumption of negligence under this statute because they failed to plead this theory in their complaint. The plaintiffs' complaint stated sufficient facts to reasonably inform the defendants that the nature of their claim was negligence. MCR 2.111(B)(1). The plaintiffs were not obligated to narrow the issue to a violation of § 676b. See *Goins v Ford Motor Co,* 131 Mich App 185, 195; 347 NW2d 184 (1983). It was for the jury to determine whether the defendants acted reasonably in violating the statute.

Moreover, in considering the evidence presented at trial and all legitimate inferences that may be drawn from it in a light most favorable to the plaintiffs, we find that the plaintiffs established a prima facie case of negligence. *Berryman v K mart Corp,* 193 Mich App 88, 91; 483 NW2d 642 (1992). The evidence indicates that the horse was not wearing hobbles when it was captured. Consequently, the jury may conclude either that the defendants failed to hobble the horse despite knowing its skittish propensities, or that the defendants inadequately hobbled the horse, thus allowing it to escape confinement in the paddock and leading to the foreseeable accident. In addition, the jury might conclude that the defendants' efforts to recapture the horse were inadequate, or

that those efforts actually exacerbated the situation. Although the district court's analogy to the no-win situation was appropriate, its conclusion was erroneous. Individuals who keep horses for their own purposes are required to protect the community against the risk involved. Prosser & Keeton, Torts (5th ed), § 76, p 538. To make a prima facie case of negligence, the plaintiffs were required to show only that the defendants failed to control or restrain the horse in a reasonable manner to prevent any foreseeable harm. *Trager v Thor*, 445 Mich 95, 106; — NW2d — (1994); *Rickrode v Wistinghausen*, 128 Mich App 240, 247; 340 NW2d 83 (1983). Therefore, the circuit court erred in affirming the district court's order directing a verdict in the defendants' favor.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.