# STATE OF MICHIGAN

# COURT OF APPEALS

TED WHITBY, f/k/a THEODORE WHITBY,

        Plaintiff-Appellant,

and

TRACEY WHITBY,

        Plaintiff,

v

DENNIS LEE WRIGHT, a/k/a DENNIS L.
WRIGHT,

        Defendant-Appellee.

UNPUBLISHED
July 16, 2015

No. 321272
Calhoun Circuit Court
LC No. 2013-001578-NO

Before: O'CONNELL, P.J., and OWENS and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff, Ted Whitby, appeals as of right the trial court's order granting summary disposition to defendant, Dennis Lee Wright, under MCR 2.116(C)(10). The trial court determined that Whitby did not establish that Wright owed him a duty when Whitby was injured by a cow that had escaped Wright's pasture. We affirm.

## I. FACTUAL BACKGROUND

Ronald Watson testified that at about 6:40 a.m. on September 24, 2011, he struck some cows that were standing in the road with his car. Whitby testified that Watson knocked on his door on the morning of the accident. Whitby went outside and determined that the cows belonged to Wright.

Wright testified at his deposition that he raises Black Angus cattle. According to Wright, the night before the accident, the cows were in a large lot with a five-strand electric fence and a double gate. When a police officer came to speak to him, he discovered that the gate had been knocked down and the cows were gone. Wright testified that he had previously lost calves to coyotes. He believed a coyote had scared the cows and caused them to break the gate.

-1-

According to Whitby, while trying to get the cows back into Wright's pasture, he approached a cow lying in a field and said "whoo cow" to it. The cow stood, dropped its head, and charged him. Whitby was injured.

In May 2013, Whitby filed a complaint against Wright. Whitby alleged theories of common-law negligence and breach of MCL 433.12, which prohibits permitting cattle to wander. Wright moved for summary disposition under MCR 2.116(C)(10). The trial court granted summary disposition in favor of Wright because it determined there was no evidence Wright was negligent, and MCL 433.12 did not impose liability for personal injuries. Whitby now appeals.

## II. STANDARDS OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Gorman*, 302 Mich App at 116.

Once the defendant party has identified issues in which there are no disputed issues of material fact, the burden shifts to the plaintiff to show that disputed issues exist. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The plaintiff "may not rely on mere allegations" but must instead "go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Id*. at 362. If the plaintiff does not make such a showing, the trial court properly grants summary disposition. *Id*. at 363.

## III. NEGLIGENCE

Whitby contends that he established sufficient evidence of duty and breach to survive a motion for summary disposition. We disagree.

To prove negligence, a plaintiff must show that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the plaintiff was injured, and (4) the defendant's breach caused the plaintiff's injury. *Henry v Dow Chem Co*, 473 Mich 63, 71-72; 701 NW2d 684 (2005). "Every person engaged in the performance of an undertaking has a duty to use due care or to not unreasonably endanger the person or property of others." *Hill v Sears, Roebuck & Co*, 492 Mich 651, 660; 822 NW2d 190 (2012). If it is not foreseeable that the defendant's conduct could pose a risk of injury to a person with whom the defendant has a relationship, then there is no duty not to engage in that conduct. *Id*. at 661; *In re Certified Question From the Fourteenth Dist Court of Appeals of Texas*, 479 Mich 498, 508; 740 NW2d 206 (2007). Whether a defendant owed a duty to a plaintiff is a question of law. *In re Certified Question*, 479 Mich at 504.

We agree that Wright owed Whitby a legal duty to use due care to contain his cattle. Wright attempts to frame the issue as whether it was foreseeable that Whitby would approach an injured cow, but that frames the issue too narrowly. The issue is not whether the defendant could

have foreseen the specific injury, but rather, whether the defendant could have foreseen the risks associated with certain conduct. *Id*. at 508. The conduct here is allegedly providing inadequate fencing for his cattle. Wright had a duty to properly contain his livestock. See *Aylesworth v Herrington*, 17 Mich 417, 421-423 (1868) (holding the plaintiff was entitled to recover in trespass when the defendant's cattle escaped a fence and destroyed the plaintiff's corn).

In this case, the parties were not adjacent neighbors, but Wright was a nearby landowner. It was reasonably foreseeable that, if Wright failed to adequately fence in his cattle, they could escape and cause injuries or property damage. It was also reasonably foreseeable that Whitby, a neighbor, would be the type of person injured by this conduct. We conclude that Wright had a duty to use ordinary care to fence in his cattle.

However, duty is only one element of negligence. At the motion for summary disposition, Wright also contended that Whitby provided no evidence that Wright breached his duties. Whitby contends that he provided sufficient evidence of breach under the res ipsa loquitur doctrine. We disagree.

Generally, a plaintiff proves that a defendant breached his or her duties by establishing that the defendant's actions fell below the general standard of care to act reasonably to prevent harm to others. *Case v Consumers Power Co*, 463 Mich 1, 6-7; 615 NW2d 17 (2000). The doctrine of res ipsa loquitur simply "entitles a plaintiff to a permissible inference of negligence from circumstantial evidence." *Jones v Porretta*, 428 Mich 132, 147-151; 405 NW2d 863 (1987). To create a valid inference of negligence, the plaintiff must show that (1) the event does not normally occur absent negligence, (2) the event was caused by an agency or instrumentality in the defendant's exclusive control, (3) the event was not "due to any voluntary action or contribution on the part of the plaintiff," and (4) evidence of the explanation is more accessible to the defendant than the plaintiff. *Id*. at 150-151.

In this case, Whitby contended that "by [Wright] not maintaining his fence properly, the cows were able to escape." First, this is an ordinary negligence argument, not a res ipsa loquitur argument. Whitby simply asserted that Wright did not use ordinary care to keep his cattle contained. Whitby provided no evidence to support this allegation.

Second, even under the res ipsa loquitur doctrine, a plaintiff may not simply rely on an assertion in response to a motion for summary disposition. The plaintiff must provide some circumstantial evidence to support the inference the plaintiff seeks. The first element of res ipsa loquitur is that "the event does not normally occur absent negligence." *Id*. at 150. Whitby failed to establish this element because he did not present any evidence that cows do not normally escape enclosures absent negligence. Whitby must establish the elements of res ipsa loquitur in response to Wright's motion, he may not simply slap a "res ipsa loquitur" label on his speculations. We conclude that the trial court properly granted summary disposition to Wright because Whitby failed to present evidence to establish a disputed issue of material fact regarding whether Wright breached his duty to contain his cattle.

## IV. APPLICATION OF MCL 433.12

Whitby also contends that MCL 433.12, which concerns animals running at large, provides him a basis for relief. We disagree.

"The fact that a person has violated a safety statute may be admitted as evidence bearing on the question of negligence." *Klansek v Anderson Sales & Serv, Inc*, 426 Mich 78, 86; 393 NW2d 356 (1986). MCL 433.12 provides that it is a misdemeanor for a person to allow animals to run at large:

> (2) The owner of an animal shall not permit or enable his animal to run at large in this state.
>
> * * *
>
> (4) A person who violates this section is guilty of a misdemeanor.

A person whose property is damaged by an animal running at large is entitled to recover damages from the animal's owner. MCL 433.13.

Violation of a statute only creates a presumption for negligence if the statute does not provide for civil liability. *Gould v Atwell*, 205 Mich App 154, 157-159; 517 NW2d 283 (1994). The penal statutes for animals running at large provide for both civil and criminal liability, but limit the civil liability to property damages. *Gould*, 205 Mich App at 159. Accordingly, a party may not recover personal injury damages on the basis of the animals-at-large statutes. *Id*.

*Gould* is directly applicable to the facts in this case. As in *Gould*, here, Whitby seeks to recover personal injury damages on the basis that Wright allegedly violated MCL 433.12. But this statute limits civil liability to property damages. MCL 433.12 provides no presumption of negligence regarding personal injuries. We conclude that the trial court properly granted Wright's motion for summary disposition regarding his MCL 433.12 claims.

We affirm. As the prevailing party, Wright may tax costs. MCR 7.219.

/s/ Peter D. O'Connell
/s/ Donald S. Owens